IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **RENEA CAIN, as next of friend of WILLIAM STEADMAN,** | } } } |
| **Plaintiff,** | } } |
| v. | } }  CASE NO. 6:09-cv-2390-SLB  } |
| **HELMET CITY, INC., and HEART OF DIXIE CYCLE, INC.,** | } } } |
| **Defendants.** | } |

## MEMORANDUM OPINION

The plaintiff in this case, Renea Cain, as next of friend of William Steadman (the "Plaintiff"), seeks to recover for the injuries to William Steadman, which allegedly occurred as the result of a low speed motorcycle accident that Plaintiff alleges was proximately caused by defendants Helmet City, Inc. ("Helmet City") and Heart of Dixie Cycle, Inc. ("Heart of Dixie"). (Doc. 6.)[1] Because this court lacks subject matter jurisdiction, the case is due to be remanded to the Circuit Court of Walker County, Alabama.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2009, Plaintiff, a citizen of Alabama, filed an initial Complaint in the Circuit Court of Walker County, Alabama, alleging claims of negligence and under the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Alabama Extended Manufacturer's Liability Doctrine against Helmet City, a corporation organized and existing under the laws of Florida, with its principal place of business in Florida, and defendant "Harley Davidson" ("Harley Davidson, Inc."), which Plaintiff alleged to be an Alabama corporation doing business by agent in Alabama.[2]  (*See* Doc. 1, Ex. A at 1-3.)  Thereafter, Plaintiff's counsel properly served Helmet City, but failed to properly serve Harley Davidson, Inc.  (*See* Doc. 1 at ¶¶ 4-5.)  Specifically, Plaintiff attempted to serve Harley Davidson, Inc. by serving Heart of Dixie.  (*See* Doc. 1 at Ex. B.)  However, Heart of Dixie notified Plaintiff and the Walker County Circuit Court that "service [was] improper and that Heart of Dixie . . . is not authorized to accept service on behalf of Harley Davidson, Inc."  (*Id.*)

    Helmet City subsequently removed the case on November 25, 2009, correctly pointing out that, at that time, "[t]here [was] complete diversity of citizenship between the Plaintiff and all Defendants," and further that "[a] defendant that has not been served with process need not join in or consent to removal." (Doc. 1 at ¶¶ 6, 14 (citing *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003)).)  With its Notice of Removal, Heart of Dixie contemporaneously filed a Motion to Dismiss, requesting that this court enter an order pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a), dismissing Plaintiff's Complaint against it for

---

[2] It seems that Harley Davidson, Inc. is actually a corporation incorporated under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin.  *See* Securities and Exchange Commission Registration Statement for Harley-Davidson, Inc. 1 (1994), http://files.shareholder.com/downloads/HDI/826124296x0xS897069%2D94%2D17/793952/filing.pdf.  (*See also* Doc. 1 at ¶ 5.)

failing to state a claim upon which relief can be granted. (Doc. 2 at 1.) The court set Helmet City's Motion on a briefing schedule and for oral argument, which the court held on January 26, 2010. (Doc. 3; Doc. 4.)

At the hearing, Plaintiff's counsel represented to the court that he had not received copies of Helmet City's Motion because of computer difficulties. The court then informed Plaintiff's counsel that Helmet City's Motion was due to be granted, but stated that it would defer ruling on the Motion, and allow Plaintiff's counsel to file an amended complaint. Plaintiff's counsel informed the court that he was considering dropping the case against all defendants, but requested additional time to conduct further research. The court therefore set a status conference for February 24, 2010, and informed Plaintiff's counsel that by that time he should be prepared to discuss which claims he would assert against which defendants. (*See* Doc. 5.)

Prior to the conference, on February 9, 2010, Plaintiff filed a First Amended Complaint,[3] which added Heart of Dixie as a party defendant. (Doc. 6 at ¶ 2-3.) Subsequently, on February 23, 2010, Helmet City filed a Renewed Motion to Dismiss, again asking that the court dismiss all claims against it pursuant to Rules 12(b)(6) and 8(a). (Doc. 7 at 1.)

On February 24, 2010, Plaintiff properly served Heart of Dixie, (Doc. 9), and Heart of Dixie filed an Answer to Plaintiff's First Amended Complaint on March 17, 2010, (Doc.

---

[3] As a result, the court cancelled the February 24, 2010 status conference. (Doc. 8.)

11). In its Answer, Heart of Dixie Cycle, Inc., d/b/a Heart of Dixie, as with Helmet City, noted "the vagueness, ambiguity and lack of precision in Plaintiff's First Amended Complaint." (*Id.* at 1.)[4] However, Heart of Dixie "admit[ted] doing business as an Alabama corporation within the state of Alabama." (*Id.*)

Without the court's leave or the opposing parties' written consent, Plaintiff filed a Second Amended Complaint, (Doc. 10), which prompted Helmet City to file a Motion to Dismiss/Strike Plaintiff's Second Amended Complaint, (Doc. 12). Later, Helmet City filed a Motion to Withdraw Helmet City's Motion to Strike Plaintiff's Second Amended Complaint and Renewed Motion to Dismiss. (Doc. 14.) Then, on May 13, 2010, Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. 15.)

On May 29, 2010, the court entered a Show Cause Order, instructing defendants to show cause, in writing, on or before June 14, 2010, why the case should not be remanded to the Circuit Court of Walker County, Alabama, for lack of subject matter jurisdiction. (Doc. 16.) No party filed a response.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992)). With

---

[4] The court agrees with these characterizations of Plaintiff's First Amended Complaint.

4

certain limited exceptions not at issue in this case, federal district courts may hear only cases involving "citizens of different States" when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," 28 U.S.C. § 1332(a), and "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. For that reason, and "[t]o ensure federal courts do not hear cases *ultra vires*, Federal Rule of Civil Procedure 12(h)(3) requires that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08-cv-309-MEF, 2008 WL 707403, at *2 (M.D. Ala. Mar. 16, 2009) (quoting Fed. R. Civ. P. 12(h)(3)). That said, "[i]f federal jurisdiction is founded on the removal statute and it at any time appears that the district court lacks subject matter jurisdiction, the court shall remand the case." *Id.* (citing 28 U.S.C. 1447(c)); *see also Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1176-77 (11th Cir. 2009) ("'A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.'" (quoting *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999))); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" (quoting *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004))).

In the instant case, as stated above, Plaintiff is a citizen of the state of Alabama. (Doc. 1, Ex. A at 1.) In its Answer, defendant Heart of Dixie "admit[ted] doing business as an

Alabama corporation within the state of Alabama." (Doc. 11 at 1.) Accordingly, because complete diversity of citizenship no longer exists, this court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999))); *see also Harmon*, 2008 WL 707403, at *2 ("Even when there are pending dispositive motions, if the court determines that it lacks subject matter jurisdiction it should not rule on the motions, but should remand the case, *sua sponte* if necessary, pursuant to Rule 12(h)(3)." (citing *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003))).

## **CONCLUSION**

For the foregoing reasons, this court has determined that it lacks subject matter jurisdiction over the case. Therefore, this case is due to be remanded to the Circuit Court of Walker County, Alabama. The pending motions filed by Plaintiff and Helmet City, (Docs.

2, 7, 12, 14, & 15), will be carried with the case.[5]  An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 16th day of June, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] It appears that document numbers 2, 12, and 14 are moot.  Specifically, document number 2, i.e. Helmet City's Motion to Dismiss, is moot because it addresses Plaintiff's initial Complaint, which Plaintiff has subsequently amended.  (*See* Doc. 2; Doc. 6.)  And, because Plaintiff's Second Amended Complaint, (Doc. 10), is due to be stricken in that Plaintiff filed the Second Amended Complaint without the court's leave or the opposing parties' written consent, documents 12, i.e. Helmet City's Motion to Dismiss/Strike Plaintiff's Second Amended Complaint, and 14, i.e. Helmet City's Motion to Withdraw Helmet City's Motion to Strike Plaintiff's Second Amended Complaint and Renewed Motion to Dismiss, which primarily concern Plaintiff's Second Amended Complaint, are moot as well.  Thus, the remaining motions for consideration are Helmet City's Renewed Motion to Dismiss Plaintiff's First Amended Complaint, (Doc. 7), and Plaintiff's Motion for Leave to Amend Complaint, (Doc. 15).  Nevertheless, the court will send these motions back to state court in that this court lacks subject matter jurisdiction.